IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD DENNEY, | ) | CASE NO. 5:14-cv-00156 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| NORMAN ROBINSON, Warden, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Donald Denney ("Petitioner" or "Denney"), acting *pro se*, filed this habeas

corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 2.  Denney challenges the

constitutionality of his conviction and sentence in *State v. Denney*, Case No. 05 04 1445

(Summit County).  Doc. 2.   On July 1, 2005, Denney pleaded guilty to rape as contained in

Count 1 of the Indictment and gross sexual imposition as contained in Counts 2, 3, and 4 of the

Indictment.  Doc. 16-1, p. 4.[1]   On July 29, 2005, the trial court sentenced Denney to life

imprisonment with parole eligibility after 10 years on Count 1 (rape) and for a term of 2 years

each on Counts 2, 3, and 4 (gross sexual imposition).  Doc. 16-1, p. 4.  The trial court also

adjudicated Denney a sexual predator.  Doc. 16-1, p. 5.

This matter has been referred to the undersigned Magistrate Judge for a Report and

Recommendation pursuant to Local Rule 72.2.  As set forth below, Denney's Petition is barred

---

[1] Page number references refer to the page number for the cited ECF Doc.

by the statute of limitations.  Accordingly, the undersigned recommends that Denney's Petition (Doc. 1) be **DISMISSED**.

## I.    Procedural Background

**A.    State Conviction and Sentencing**

On May 4, 2004, the Summit County Grand Jury issued an indictment charging Denney with four counts: Count 1 – rape in violation of O.R.C. § 2907.02(A)(1)(b), a first degree felony and Counts 2 through 4 – gross sexual imposition in violation of O.R.C. § 2907.05(A)(4), a third degree felony.  Doc. 16-1, pp. 6-7.

On May 20, 2005, Denney, through trial counsel, filed a Motion to Suppress Oral Statements (Doc. 16-1, pp. 8-15) wherein he sought a court order suppressing "all statements obtained as a result of his interrogation, detention and arrest as well as any and all evidence derived as a result of said unlawful interrogation, detention and arrest."  Doc. 16-1, p. 8.  Denney argued that, prior to a custodial interrogation, he had not been properly advised of his Miranda rights; there was no intelligent or voluntary waiver of his Miranda rights; he was questioned after he requested counsel; and his statements were not voluntary.  Doc. 16-1, p. 8.  Denney's Motion to Suppress was scheduled for hearing on July 1, 2005.  Doc. 15-2, p. 3.  On that date, Denney, through counsel, withdrew his Motion to Suppress and entered a plea of guilty to the Indictment. Doc. 15-2, p. 3; Doc. 16-1, p. 16.

Prior to taking Denney's guilty plea, the trial court advised Denney that, if he pleaded guilty, the hearing on the motion to suppress would not go forward and Denney was giving up his right to have the court determine whether the evidence the prosecution intended to present should be allowed.  Doc. 15-2, p. 6.  Denney indicated that he understood the foregoing.  Doc. 15-2, p. 6.  Also, during the plea hearing, the trial court advised Denney that rape is a felony of

the first degree, which carries "a mandatory incarceration, sentence of life imprisonment with parole eligibility after ten years." Doc. 15-2, p. 9. The trial court also explained that the court did not make decisions regarding parole and that, if the trial court accepted his guilty plea, the court would "impose a life sentence with parole eligibility after ten years." Doc. 15-2, p. 9. Denney indicated that he understood the foregoing.[2] Doc. 15-2, p. 9. The trial court inquired into Denney's satisfaction regarding his trial counsel's representation. Doc. 15-2, p. 10. Denney indicated that he was satisfied with trial counsel's representation. Doc. 15-2, p. 10. The trial court asked Denney whether he had any questions of the court or his trial counsel. Doc. 15-2, p. 11. In response, Denney stated, "I was wondering if I could be admitted to an institution, mental institution?"[3] Doc. 15-2, p. 11. In response, the trial court stated

> THE COURT: Mr. Denney, you do not meet the legal requirements for being a mentally ill offender, sir.
>
> THE DEFENDANT: All right.
>
> THE COURT: You are competent and there is no reason to believe that you were mentally ill at the time of this offense. The law is very specific about what constitutes mental illness for purposes of commitment to a mental institution by a court, sir. And you do not meet that legal requirement.
>
> Any other questions that you have, sir? Anything else you think I need to know?
>
> THE DEFENDANT: No.

Doc. 15-2, pp. 11-12.

The trial court proceeded to explain that, by pleading guilty, Denney was agreeing to be classified as a sexual predator and the meaning of that classification. Doc. 15-2, pp. 12-14.

---

[2] The trial court also explained the possible penalties associated with the third degree felony charges and Denney indicated that he understood the possible sentence for each of those offenses. Doc. 15-2, pp. 8-9.

[3] Before the trial court responded, Denney's trial counsel stated, "He's talking about a mental institution." Doc. 15-2, p. 11.

The trial court then asked Denney how he was pleading to the charge of rape, a felony of the first degree.  Doc. 15-2, p. 14.  Denney indicated that he was pleading guilty.  Doc. 15-2, p. 14.  The trial court also asked Denney how he was pleading to the charges of gross sexual imposition in Counts 2, 3 and 4.  Doc. 15-2, pp. 14-15; Doc. 16-1, p. 16.  Denney indicated he was pleading guilty to those charges as well.  Doc. 15-2, pp. 14-15; Doc. 16-1, p. 16.   In response to questioning by the trial court, Denney indicated that he was pleading guilty to each of those offenses because he committed each of the offenses.  Doc. 15-2, p. 15.  The trial court accepted Denney's pleas as knowingly, intelligently, and voluntarily made with advice of counsel; ordered a presentence investigation and victim impact statement; and scheduled the matter for sentencing on July 29, 2005.  Doc. 15-2, p. 15; Doc. 16-1, p. 16.

Prior to imposing sentence on July 29, 2005, the trial court asked Denney, "Sir, is there any statement you wish to make, anything else you think I should know?"  Doc. 15-2, pp. 21-22.  Denney replied, "No, ma'am.  I would like to say that I'm very sorry for what I did."  Doc. 15-2, p. 22.  The trial court proceeded to sentence Denney to a mandatory life in prison term with parole eligibility after 10 years on the rape conviction and to 2 years on each of the gross sexual imposition convictions.  Doc. 15-2, p. 23; Doc. 16-1, p. 5.   The trial court ordered the sentences to be served concurrently with each other, not consecutively.  Doc. 16-1, p. 4.  The trial court also adjudicated Denney to be a sexual predator.  Doc. 15-2, pp. 23-24; Doc. 16-1, p. 5.

Denney did not file a direct appeal in the state appellate court or the Ohio Supreme Court.

**B.     Post-conviction proceedings**

On October 25, 2012, more than seven years after his conviction and sentence, Denney, acting *pro se*, filed a "Motion  for Court Documents, Pursuant to Criminal Rule 47" (Doc. 16-1, pp. 17-19) wherein he requested: (1) "State Prosecution and Defense Discovery;" (2)

"Defendant's Plea Agreement, including Entry of Plea Agreement;" and (3) "Defendant's Criminal Docket Sheet." (Doc. 16-1, p. 17).   The trial court denied Denney's motion for court documents on November 7, 2012.  Doc. 16-1, p. 20.

On November 27, 2012, Denney, acting *pro se*, filed a "Motion to Correct and Vacate Sentence, Pursuant to Criminal Rule 47."  Doc. 16-1, pp. 21-27.  In his Motion to Correct and Vacate Sentence, Denney raised the following claims:

1. The defendant claim that the trial court erred in accepting any plea of guilty which were not made knowingly, intelligently, or voluntarily, in violation of Criminal Rule 11(C)(2)(a).

2. The defendant claim that the trial court erred sentencing him to a term of incarceration without adequate examination of his mental condition(s).

3. Defendant claim that the trial court erred in failing to provide defendant his right to allocut prior to the prison sentence(s), post-release control, and or registration requirements.

4. Defendant claim that trial counsel was ineffective, in violation of United States Constitution Amend VI, and Ohio Constitution Art I, Section 10.

Doc. 16-1, pp. 22-27.

Also, on November 27, 2012, Denney filed a "Motion to Compel Production of all Pretrial Documents, i.e. Discovery; Bill of Particulars, Mental Health Exam, etc. (For Post-Conviction) Request for July 29, 2005 Sentence Judgment" (Doc. 16-1, p. 28) and a "Motion to Vacate Sentence and Hearing ORC 2953.21 – 2953.22 [and] Extension of Time Requirement ORC 2953.23(A)(1)(a,b)" (Doc. 16-1, pp. 29-31).

On March 5, 2013, the trial court denied Denney's three motions filed on November 27, 2012.  Doc. 16-1, pp. 32-36.  The trial court found that Denney's motions were untimely and he had failed to meet his burden for consideration of his untimely motions for post-conviction relief;

and the claim presented raised issues that could have been raised on direct appeal and that therefore were barred by *res judicata*.  Doc. 16-1, pp. 32-36.

On March 26, 2013, Denney filed a *pro se* Notice of Appeal from the trial court's March 5, 2013, denial of his motion to vacate or set aside sentence.  Doc. 16-1, p. 37.  On April 18, 2013, Denney filed his appellate brief.  Doc. 16-1, pp. 38-57.    On appeal, Denney presented the following claims:

1.  Ineffective assistance of counsel pursuant to <u>Missouri –vs- Frye, 132 S.Ct. 1399 (2012);</u> and <u>Strickland v. Washington, 466 US 694, 104 S.Ct. 2052.</u>

2.  The trial court committed plain error.

3.  The guilty plea was not knowing, intelligent and voluntary.

Doc. 16-1, pp. 42-45.

On April 25, 2013, a magistrate for the Ninth District Court of Appeals issued a Magistrate's Order finding that Denney's April 13, 2013, brief did not comply with the local rules of the Ninth District Court of Appeals and ordering Denney to file a complying brief on or before May 6, 2013.  Doc. 16-1, pp. 58-60.  The Ninth District Court of Appeals warned Denney that his failure to file a brief in accordance with the court's order would result in dismissal of his appeal.  Doc. 16-1, p. 60.  On May 29, 2013, the Ninth District Court of Appeals dismissed Denney's appeal for non-compliance with its May 6, 2013, order.  Doc. 16-1, p. 61.  Also, on May 29, 2013, the Ninth District Court of Appeals denied a motion to reconsider its order denying Denney's motion for appointed counsel in his appeal from the denial of post-conviction relief.  Doc. 16-1, p. 66.

On June 19, 2013, Denney filed with the Ninth District Court of Appeals a Motion for "(1) Reconsideration of Dismissal/Journal Entry (2) Release of Mental Health Record Attached (3) Motion to Appoint Counsel."  Doc. 16-1, pp. 62-76.  On July 3, 2013, the Ninth District

Court of Appeals denied Denney's motion on the basis that his motion was untimely.  Doc. 16-1, p. 77.  On July 22, 2013, Denney filed a "Motion in Contra to Journal Entry of July 3, 2013."  Doc. 16-1, pp. 78-90.  On August 5, 2013, the Ninth District Court of Appeals denied Denney's July 22, 2013, motion.  Doc. 16-1, pp. 91-92.

On August 21, 2013, Denney filed a *pro se* Notice of Appeal from the Ninth District Court of Appeals' May 29, 2013, order with the Ohio Supreme Court (Doc. 16-1, pp. 93-95) along with a Motion for Leave to File Delayed Appeal (Doc. 16-1, pp. 96-122).  In his motion for leave to file delayed appeal, Denney indicated that he tried many times to have the court appoint him counsel because he was "illed from an Agent orange chemical during military service, that he suffer a mental illness, that he had a major heart surgery in 2010, and has a breathing apparatus attached to his bed."  Doc. 16-1, p. 97.  In support of his Motion for Leave to File Delayed Appeal, Denney submitted an Affidavit stating:

1. That I served in the military.  I was sprayed with agenct orange chemical, and have mental health/comprehension problem for 20 years or more.

2. That during the time of my alleged offense, my attorney did not consider my mental illness/or my comprehension level, nor did he file and had a ruling to suppress my statement, during the time I was taking psychotropic medication, and I said what the arresting officer seem he wanted me to say.  I cannot remember. My attorney told me to plea guilty and I will get out in 10 years, but I got life.

3. I wanted to inform the court, but did not know how to do it.  I've been locked up since 2005, and thank God, I wrote the Ohio Public office, and I tried to file on my own, but since I did not know, the appeal court never even consider what happen to me at trial.  I still wanted an attorney, but kept getting denied.  I cannot do it myself because of my military injury and my mind is not right no more.

Doc. 16-1, p. 100.

On October 23, 2013, the Ohio Supreme Court denied Denney's motion for a delayed appeal.  Doc. 16-1, p. 123.

## C.     Federal Habeas Corpus

7

On January 21, 2014, Denney, acting *pro se*, filed his habeas Petition asserting two grounds for relief.  Doc. 2.[4]  On August 11, 2014, Respondent filed a Return of Writ.  Doc. 15, Doc. 16.  On September 8, 2014, Petitioner filed an Answer to Respondent's Writ and Petitioner Request for Counsel.  Doc. 17.  On September 22, 2014, Respondent filed a Response in Opposition to Petitioner's Request for Appointment of Counsel (Doc. 18) and a Reply to Traverse (Doc. 19).  Denney's grounds for relief are as follows:

> **Ground One:**  I was in the military – I came into contact with the chemical "agent orange" and I lost all my mental/mind competencies, I plead not guilty, then the lawyer said to plea guilty to 10 years – I was taking psychotropic medication during all my court appearances/trial counsel fail to request the court for a ruling on my motion to suppress, before my change of plea, please look at my claim one issue in Summit County Appeal court attached to this.

> **Attachment:** Claim One – Ineffective assistance of counsel pursuant to Missouri - vs- Frey, 132 S.Ct. 1399 (2012); and Strickland - vs- Washington 466 US 694, 104 S.Ct. 2052.

> **Ground Two:**  Please look at my claim two – which is attached to this.  (The trial court committed plain error).  During the entire criminal indictment – before I plead guilty the court knew I was mentally illed/and never protected my constitutional rights.

> **Attachment:**  Claim Two – The trial court committed plain error . . . When applying all the facts, within claim one, and the fact that the appellant during and after the plea negotiation, requested the trial court to withdraw defense counsel, and appoint new counsel, and for the trial court to deny amounts to error substantial to be classified as "plain error by the court."

Doc. 2, pp. 6, 8; Doc. 2-1, pp. 29, 32.[5]

### III.    Law and Analysis

Respondent argues that Denney's Petition is untimely and barred by the statute of limitations.  For the reasons set forth below, the undersigned concludes that Denney's Petition is

---

[4] Denney's case was originally filed in the Southern District of Ohio on January 21, 2014, and subsequently transferred to the Northern District of Ohio on January 23, 2014.  In his Petition, Denney states that he placed his Petition in the prison mailing system on January 14, 2014.  Doc. 2, p. 8.

[5] The entirety of claims one and two attached to Denney's Petition has not been reproduced herein.  Claims one and two in the attachment referenced by Denney are located at Doc. 2-1, pp. 29-32.

untimely and neither statutory nor equitable tolling applies to prevent the statute of limitations from serving as a bar to federal habeas relief.[6]

A.    **Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable

---

[6] Respondent also contends that the Court should dismiss Denney's Petition and deny him federal habeas relief for other reasons, including the following: unexcused procedural default; since Denney pleaded guilty, he is limited to raising the issue whether his plea was knowingly, intelligently, and voluntarily made and the state court record establishes that his plea was knowing, intelligent and voluntary; and, the claims raised by Denney, even if considered on the merits, are without merit. Since Denney's Petition is barred by the statute of limitations, the undersigned will not consider Respondent's alternative arguments.

application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.      AEDPA statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that "[t]he factual predicates of Denney's claims are not new and they were or could have been discovered through due diligence" and contends that 28 U.S.C. § 2244(d)(1)(A) applies, making the starting date for the running of the statute of limitations the date Denney's conviction became final.  Doc. 15, p. 7.  Denney does not challenge Respondent's argument that his Petition is untimely under § 2244(d)(1)(A).  Rather, he argues that the statute of limitations should be tolled because he is mentally ill and incompetent.  Doc. 17, p. 4.

Denney also does not argue that any other provision in § 2244(d)(1) controls the start of the statute of limitations nor does review of the record support the application of any other provision of § 2244(d)(1).  Section 2244(d)(1)(B) does not apply here because Denney has not alleged that a state-created impediment prevented him from timely filing his federal habeas petition.  Section 2244(d)(1)(C) does not apply because Denney has not asserted a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  While Denney relies on *Missouri v. Frye*, 132 S.Ct. 1399, a case decided by the United States Supreme Court in 2012, after his conviction became final, the constitutional

11

right asserted by Denney is the right to effective assistance of counsel, which was not a new constitutional right established in *Frye*.  The Supreme Court in *Frye* applied *Strickland v. Washington*, 466 U.S. 668 (1984) to claims of alleged ineffective assistance of counsel involving "instances of an uncommunicated, lapsed plea."  *Frye*, 132 S.Ct. at 1409.  Additionally, the Supreme Court made clear that its decision in *Frye* did not alter the standard set forth in 1985, in *Hill v. Lockhart*, 474 U.S. 52,  which applies to situations where a defendant, such as Denney, alleges that ineffective assistance of counsel led him to accept a plea offer rather than proceed to trial.  *Id.*  Thus, even if the Supreme Court in *Frye* recognized a new constitutional right rather than applied an existing constitutional right, i.e., right to effective assistance of counsel as established in *Strickland*, that new constitutional right would not be applicable here.  Finally, § 2244(d)(1)(D) is inapplicable because the constitutional violations alleged by Denney were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of the time for seeking such review.

1.      **Denney's Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Under 28 U.S.C. § 2244(d)(1)(A), Denney's  one-year statute of limitations began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).  Denney's sentencing entry was journalized on August 2, 2005.  Doc. 16-1, pp. 4-5.  Denney had 30 days thereafter, or until September 1, 2005, to file an appeal from his conviction and sentence.  *See* Ohio App. R. 4(A).  Denney, however, did not file a direct appeal in the Ohio Court of Appeals.  Thus, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on the expiration of the time for filing his direct appeal, i.e., September 1, 2005, and the statute of limitations began running the

following day, i.e., September 2, 2005.  Absent tolling, Denney had one year from that date or, until September 2, 2006, to file his federal habeas petition.[7]  *See* 28 U.S.C. § 2244(d)(1)(A).

Denney's Petition was filed with the Southern District of Ohio on January 21, 2014. Doc. 1-1, p. 1, Doc. 2, p. 1 (reflecting January 21, 2014, "received" time-stamp , John P. Hehman, Clerk, Cincinnati, Ohio).  In his Petition, Denney certified that he placed his Petition in the prison mailing system on January 14, 2014.  Doc. 1-1, p. 18, Doc. 2, p. 8.  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Therefore, Denney's Petition is deemed filed as of January 14, 2014, almost seven and a half years after the after the statute of limitations expired.  Accordingly, absent tolling of the statute of limitations, Denney's Petition is time-barred.

### 2.  Denney is not entitled to statutory tolling of the statute of limitations

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003).  "[A]n application is pending so long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002).  "In other words, until the application has achieved a final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.* at 220.  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral

---

[7] As noted in Respondent's Answer/Return of Writ, September 2, 2006, was a Saturday and September 4, 2006, was a legal holiday.  *See* Doc. 15, p. 7.  Accordingly, as agreed to by Respondent, Denney's time for filing would be extended to September 5, 2006 per Fed. Civ. R. P. 6(a)(1)(C).  *See* Doc. 15, p. 7.

petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

During the period from September 2, 2005, the date that Denney's conviction became final, to September 5, 2006, the expiration of the one-year statute of limitation, Denney did not file an application for post-conviction or other collateral review. It was not until 2012, after the expiration of the AEDPA statute of limitations, that Denney filed motions in state court. *See e.g.,* Doc. 16-1, p. 17 (Defendant's Motion for Court Documents, Pursuant to Criminal Rule 47, filed October 25, 2012); Doc. 16-1, p. 21 (Defendant's Motion to Correct and Vacate Sentence, Pursuant to Criminal Rule 47, filed November 27, 2012). Since Denney's post-conviction filings were all filed after the expiration of the statute of limitations, those filings did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Vroman*, *supra*.

### 3.      Denney is not entitled to equitable tolling of the statute of limitations

AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling. As discussed below, a petitioner, by satisfying the *Holland* two-part test, may be entitled to traditional equitable tolling. Additionally, a petitioner may be entitled to actual innocence

equitable tolling.  However, for the reasons set forth below, Denney is entitled to neither form of equitable tolling.

**a.  Denney is not entitled to traditional equitable tolling**

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 130 S.Ct. at 2562.  Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling."  *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

Here Denney seeks to be excused from his untimely filing by arguing that "untimeliness, and statute of limitations does [not] apply to a 'person' with mental illness, that is not competent."  Doc. 17, p. 4.   The Sixth Circuit has held that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year state of limitations."  *Ata*, 662 F.3d at 742.  However, to be entitled to equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, under the standard set forth in *Ata*, Denney must demonstrate: "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the statute of limitations."  *Id.*  "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations."  *Id.*  "[A] causal link between the mental condition and the untimely filing is required."  *Id.*  Where a petitioner has not set forth sufficiently specific allegations that would warrant equitable tolling on the basis that the petitioner's mental incompetence caused him to fail to timely file, whether to hold an evidentiary hearing on the petitioner's equitable tolling claim is discretionary with the court.  *Id.* at 742-743, n. 6.

Denney's various allegations regarding his mental incompetence are conclusory and non-specific as to his mental condition and as to how his alleged mental incompetence prevented him from timely filing his habeas Petition.  In his Petition, he alleges:

- "I came into contact with the chemical 'agent orange' and I lost all my mental/mind competencies" Doc. 2, p. 5

- "I was taking psychotropic medication during all my court appearances"  Doc. 2, p. 5.

- I raised Ground One in a delayed appeal because "I did not know," "I could not read," "my mental faculties are still impaired" Doc. 2, p. 5.

- "[B]efore I plead guilty, the Court knew I was mentally illed/and never protected my constitutional rights"  Doc 2, p. 6.

In his Answer to Respondent's Writ, Denney states:

- He was exposed to agent orange while serving in the United States military and since that time he has "experienced a life-time [of] on-going mental difficulties that has been known by U.S. military, local mental health agencies in Akron, Ohio, Petitioner trial counsel, Summit County Ohio Prosecutor, as well as the Summit County Common Pleas Court."  Doc. 17, p. 2.

-  "During the time of the herein offense and Petitioner's incarceration at the Summit County jail, the Petitioner was seeing an in-house mental health doctor, and given psychotropic medication(s).  At the time of "ALL" the petitioner in-court appearances, the Petitioner was under the influence of psychotropic medication given him by the Summit County Ohio jail."  Doc. 17, p. 2.

- "At no time did the court or Petitioner's counsel acknowledge the competency of the validity of being able to understand the courtroom proceedings."[8]  Doc. 17, p. 2.

Denney argues in his Answer to Respondent's Writ that the foregoing demonstrates that "[t]he voluntariness of [his] plea, being under psychotropic medication is highly suspect, and unconstitutional."  Doc. 17, p. 2.  Construing Denney's *pro se* filings liberally, these arguments may relate to his underlying habeas claims but neither Denney's arguments nor the record demonstrate or support his claim that he is in fact mentally incompetent or that his mental condition prevented him from timely filing his habeas Petition.

For example, Denney raised the issue of his competence in state court.  Doc. 15-2, pp. 11-12.  However, the trial court concluded Denney was competent.  Doc. 15-2, pp. 11-12.  Further, while Denney alleges that he was taking psychotropic medication at the time of the trial court proceedings, he does not allege he continued taking psychotropic medication throughout the running of the statute of limitations or that taking the psychotropic medications prevented him from complying with the AEDPA statute of limitations.  Also, the record shows that, in state court Denney filed multiple *pro se* pleadings and he filed his habeas Petition *pro se* along with multiple exhibits in support thereof as well as a response to Respondent's Return of Writ.  While Denney may not have received the relief requested or desired, his filings have been organized and understandable.  Further, when seeking relief in state court in 2012, well after the AEDPA statute of limitations had passed, Denney sought to excuse his late filing on the basis that he had recently discovered the United States Supreme Court case *Missouri v. Frye*, 132 S.Ct. 1399,

---

[8] Contrary to Denney's claim, the plea hearing transcript shows that Denney's claim of incompetency was presented to and considered by the trial court.  Doc. 15-2, pp. 11-12.

decided March 21, 2012.[9]  Doc. 16-1, p. 29 (requesting consideration of his motion to vacate sentence beyond the 180 day filing requirement due to "recent discovery of the United States Supreme Court decision in <u>Missouri - v – Frye</u>, S.Ct. 1399"); *see also* Doc. 16-1, pp. 40-41 (stating, in his appellate brief, that he was appealing his case under *Missouri v. Frye* and had proceeded with filings in state court "after discovering in <u>October of 2012</u> of the United States ruling . . ." ).  Denney's rationale for seeking relief in state court years after his conviction became final undermines his present claim that he was prevented from timely filing his habeas Petition in this Court because of his mental incompetency.

Here, notwithstanding Denney's claim that he did not knowingly or voluntarily enter into his guilty plea, Denney took no action for at least seven years following his conviction to seek relief in the state court.   This lapse of time falls far short of demonstrating a diligent pursuit of one's rights in order to warrant equitable tolling.  Further, although Denney has alleged mental incompetence, he has not provided specific support for his claim that his alleged mental incompetence prevented him from timely complying with the statute of limitations for filing his habeas petition.  Further, the record fails to provide support for his claim of mental incompetence or for a finding that his alleged mental incompetence affected his ability to timely file his habeas petition.  Accordingly, equitable tolling of the AEDPA statute of limitations is not warranted.[10] *See e.g. Holin v. DeWine*, 2014 WL 2772210, * 3 (N.D. Ohio June 19, 2014) (J. Carr) (finding that there was no basis in the record for finding that the petitioner's borderline retardation caused the untimely filing of her habeas petition); *Albourque v. Bradshaw*, 2013 WL 775080, * 6-7

---

[9] *Frye* involved a claim of ineffective assistance of counsel where it was alleged that counsel failed to communicate a plea deal to the defendant when made and the plea deal subsequently lapsed. *Frye*, 132 S.Ct. at 1409.  As discussed above, Denney's case is factually distinguishable from *Frye*.  Denney's claim does not involve an uncommunicated plea deal.  Rather, his claim relates to advice provided with respect to a plea that was accepted.

[10] In light of Denney's lack of allegations sufficient to establish, *inter alia*, a causal link between his alleged incompetence and his failure to timely file his Petition, an evidentiary hearing is not warranted.  *See Ata*, 662 F.3d at 742-743, n. 6.

(N.D. Ohio Feb. 28, 2013) (J. Adams) (finding that, "Petitioner's claim, without any corroborating proof, fails to meet the burden of demonstrating that he is entitled to equitable relief on account of mental disability).

### b.  Denney  is not entitled to actual innocence equitable tolling

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012).  "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied).  "The evidence must demonstrate factual innocence, not mere legal insufficiency."  *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The Supreme Court has underscored the fact that "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'"  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup*, 513 U.S. at 329) (emphasis supplied).  In his Petition, Denney states "I did not do what I plead guilty to." Doc. 2, p. 5.  However, he fails to present new reliable evidence not presented to the state trial court to support his contention.  Accordingly, equitable tolling based on actual innocence is not warranted.

For the reasons set forth above, the undersigned concludes that Denney's Petition was not timely filed and he is not entitled to equitable tolling of the statute of limitations under either

traditional or actual innocence equitable tolling principles.  Thus, the undersigned recommends

that the Court dismiss Denney's Petition as barred by the statute of limitations.

**IV.    Conclusion and Recommendation**

For the reasons stated herein, the undersigned recommends that the Court **DISMISS**

Denney's Petition because it is barred by the statute of limitations.

The undersigned **DENIES** Denney's request for appointment of counsel (Doc. 17).


Dated: June 26, 2015

_____
Kathleen B. Burke
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).