UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Denney,                                      Case No. 5:14-cv-00156

           Petitioner

      v.                                             MEMORANDUM OPINION
                                                                   AND ORDER

Norman Robinson,

           Respondent

On January 21, 2014, Donald Denney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for the appointment of counsel. (Doc. No. 2; Doc. No. 3). Magistrate Judge Kathleen Burke recommends I dismiss Denney's petition as barred by the statute of limitations. (Doc. No. 20). Denney filed objections to the report and recommendation. (Doc. No. 23). Respondent Norman Robinson replied to Denney's objections, (Doc. No. 24), and Denney responded to Robinson's reply. (Doc. No. 25). I overrule Denney's objections, adopt Magistrate Judge Burke's report and recommendation, and dismiss Denney's petition as time-barred.

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these

written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147).

Denney does not object to Magistrate Judge Burke's conclusions that (1) his habeas petition was filed after the statute of limitations expired and is untimely under 28 U.S.C. § 2244(d)(1)(A) and (2) Denney is not entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2). (*See* Doc. No. 20 at 12-14). Therefore he has waived review of this portion of the Report and Recommendation. *Thomas*, 474 U.S. at 149-53.

Denney objects only to Magistrate Judge Burke's conclusion that he is not entitled to equitable tolling of the statute of limitations. A habeas petitioner may be entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner also may avoid the consequences of the expiration of the limitations period through evidence of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

Denney contends the limitations period should be equitable tolled because (1) he was not notified for his right to appeal after entering his guilty plea; (2) he was mentally incompetent at the time of his plea, and still is; and (3) he is actually innocent of the offense to which he pled guilty. (Doc. No. 23).

Denney raises the arguments stated in his first and third objections for the first time in his objections to the report and recommendation. "[A]bsent compelling reasons," a petitioner may not present new arguments to the district court which the petitioner failed to present to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Therefore, I need not consider these objections at all. Even if I accept Denney's assertion that he was not informed of a right to

2

appeal his guilty plea, Denney fails to show he did anything to protect his rights between his sentencing hearing on July 29, 2005, and the filing of his first post-conviction motion on October 25, 2012. Denney did not act with "reasonable diligence" and is not entitled to equitable tolling. *Holland*, 560 U.S. at 653 (quotation and citation omitted).

Nor does Denney's assertion of actual innocence provide a basis for equitable tolling. "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Denney does not present any new evidence and therefore is not entitled to equitable tolling under this theory.

Finally, Denney also fails to meet his burden of showing the limitations period should be tolled on the basis of mental incompetence. In order to obtain equitable tolling on this basis, Denney "must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). While Denney contends records from the Veterans Administration would show he is mentally incompetent, he fails to identify even a single diagnosis of mental illness. Moreover, his assertion that, at the time of his plea, he was being medicated due to his alleged mental illness is not proof he actually is mentally incompetent. *See Ata*, 662 F.3d at 742 ("[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations."). Nor does that assertion establish the necessary "causal link between the mental condition and untimely filing" of Denney's state-court appeals or his habeas petition. *Id.* (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)).

For the reasons stated above, I deny Denney's objections, adopt Magistrate Judge Burke's report and recommendation, and dismiss Denney's petition as barred by the statute of limitations. I also decline to issue a certificate of appealability, because Denney's claims clearly are barred by the

statute of limitations. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate of appealability is not warranted when "a plain procedural bar is present" and disposes of the case.).

    So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
